**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-00856-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Faron Wayne Allen, | |
| Defendant. | |

Pending before the Court is the Defendant's *pro se* filing, which the Court construes as a Motion to have his "probation violation to be run concurrent with [his] current sentence." (Doc. 28). The Government has filed a Response stating its opposition to the Motion. (Doc. 29). The Court will deny the Defendant's Motion for the reasons set forth herein.

A review of the Defendant's case reflects that on October 15, 2014, the Court sentenced him to a term of twenty-four months in custody for committing Assault Resulting in Serious Bodily Injury (18 U.S.C. §§ 1153 and 113(a)(6)). (Doc. 23). Upon release from custody, the Defendant was ordered to serve three-years on supervised release. (*Id*.) His supervised release term began on March 16, 2016. While on supervised release, the Defendant is alleged to have committed numerous violations of his standard conditions. (*Sealed* Doc. 26). One of his alleged violations includes leaving his pre-approved residence without notifying his probation officer and his whereabouts were then unknown. (*Id*.) Consequently, a petition to revoke supervised release and a warrant was issued by

the Court.  (*Sealed* Doc. 27).

Before the Defendant was served with the supervised release petition and before the warrant was executed, he was charged with Armed Robbery in Casa Grande, Arizona. (*Id.*) *see also* (Doc. 29 at 2).  The Defendant was eventually convicted of that charge and sentenced to 11 years in prison.  (Doc. 29 at 2).

The Defendant's Motion appears to ask that any custody term imposed on his supervised release violation in CR14-00856 (the federal Assault Case) run concurrently with the custody time he is now serving on the state Armed Robbery conviction.  The Court, however, is not able to do so because he has not yet appear to admit or deny the allegations in the supervised release petition.  Furthermore, the Defendant does not set forth sufficient reasons for the Court to compel his presence now, rather than wait until he has satisfied his state imposed sentence.  A close review of his filing seems to assert that he should be released from state custody so as to enable him to return to society and his family and this Court has no jurisdiction to alter his state imposed sentence.

Accordingly,

**IT IS ORDERED** denying the Defendant's Motion (Doc. 28).

Dated this 17th day of November, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge